# Richmond.

97    719
108    401

Buck v. Guarantors' Liability Indemnity Co. of Penn., and
Guarantors Finance Co., of Phila.

Dolfield v. Same.

January 18, 1900.

1. Attachments—*Deposits by Foreign Insurance Company—Foreign Creditors.*—The treasurer of this State who holds, pursuant to chapter 53 of the Code, bonds or securities of a foreign insurance company doing business in this State cannot be garnished by a foreign creditor of the company. He holds such bonds or securities first for the people of Virginia designated by law, and then for the company. When its liabilities to citizens of this State have been satisfied or terminated, the securities deposited must be delivered to the company. The fact that the company has made an assignment, or that a suit has been brought pursuant to section 1274 of the Code to enforce the rights of creditors, does not in any wise alter the rule. Nor can such garnishment be supported merely by uniting the obligors in the bonds deposited with the treasurer.

Error to judgments of the Circuit Court of the city of Richmond, rendered September 16, 1898, in action of *assumpsit*, with foreign attachments, wherein the plaintiffs in error, respectively, were the plaintiffs, and the defendants in error were the defendants.

*Affirmed.*

The opinion states the case.

*Hill Montague*, for the plaintiffs in error.

*Coke & Pickrell* and *R. Carter Scott*, for the defendants in error.

Harrison, J., delivered the opinion of the court.

These causes are, by agreement of counsel, heard together, the facts, so far as material to the questions involved, being identical in both.

They are proceedings by attachment to subject in the hands of the treasurer of the State of Virginia certain bonds of the cities of Richmond and Norfolk, held by that officer in pursuance of the provisions of chapter 53 of the Code, as indemnity for those citizens of Virginia, to whom the defendant insurance companies may be under liability, and in further trust, when such liabilities have been satisfied, to return the same to the company making the deposit.

The questions raised by this record have been settled adversely to the plaintiff in error by the decision of this court in *Rollo* v. *Ins. Co.*, 23 Gratt. 509. It is there held that the treasurer of the State who holds bonds of a foreign insurance company, doing business in the State, under authority of law, is not liable to be summoned as garnishee by a foreign creditor of the insurance company.

That a public officer cannot be made liable by attachment at the suit of an individual, for funds in his hands clothed with a trust under the authority of a public law.

That where the insurance company has ceased to do business in the State, and its liabilities to the citizens of the State have been satisfied or terminated, the bonds in the hands of the treasurer cannot be attached by a foreign creditor; but they must be delivered by the treasurer to the company.

The essential facts in the cases at bar and in that cited are the same, and nothing can be added, by way of argument, to the conclusive force and effect of the able opinion of Judge Staples in that case, which would have been quite as appropriate had it been delivered in the cases under consideration. It is, therefore, useless to repeat here what has been so well said there.

The fact that the company, in these cases, has made an assignment does not affect the settled law that the treasurer cannot be garnished; the bonds are still in his hands, clothed with a trust under the authority of a public law, to be disposed of by him in no other manner than that provided by the law creating the trust and prescribing his duties in respect thereto. Nor does it in any way alter the rule because a chancery suit has been brought, in pursuance of section 1274 of chapter 53 of the Code, to enforce the rights of creditors, as provided in that chapter. The law fixes the power and duty of the treasurer. He holds the securities in trust to be administered first for the people of Virginia designated by the law, and then for the company making the deposit, and neither he nor the courts have the power to divert the fund from the destination prescribed by the law of its creation. *Rollo* v. *Ins. Co., supra,* p. 516.

The contention that the garnishment of the cities of Richmond and Norfolk, with the treasurer of the State, is sufficient to support the attachments is not tenable. The agreed facts show that there is no liability upon these cities, or either of them, except that which arises as obligors in the bonds deposited with the treasurer of Virginia under the provision of chapter 53 of the Code. There could, therefore, have been no judgment against either of said cities in favor of the plaintiff in error.

The action of the Circuit Court in dismissing the attachments was plainly right, and its judgment must be affirmed.

*Affirmed.*