𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

## SHEPHERD AND OTHERS v. VIRGINIA STATE INSURANCE COMPANY AND OTHERS.

January 11, 1917.

Absent, Sims J. and Prentis, J.*

1. FIRE INSURANCE — *Insurance Fund* — *Foreign Insurance Companies.*—A domestic insurance company, holding a contract of reinsurance on risks outside of this State with a foreign company doing business in this State, is not entitled, in case of the latter's insolvency, to be classed as a policy holder and lienor under the provisions of section 17 (chapter 2) of the Virginia insurance act (laws 1906, c. 112). The general plan or scheme of that act was to provide that policies should be issued on property in Virginia only through regular agents residing in Virginia, and such policies only were intended to be protected by the deposit with the State Treasurer. The purpose of the legislature was to protect property owners in their fire insurance contracts, and not to protect other insurance companies on their contracts of reinsurance.

2. FIRE INSURANCE — *Contracts of Reinsurance* — *"Policy."* — Contracts of reinsurance are not infrequently designated as "policies," and they are doubtless properly so called; but, unless there is something in the context to indicate reinsurance, the use of the term "policy" in reference to fire insurance business naturally suggests, and will be understood as meaning, the far more usual and commonly known contract of insurance for the protection of a property owner against loss of his property by fire.

Appeal from a decree of the Circuit Court of the city of Richmond in a proceeding by the Insurance Commissioner against a foreign insolvent company.

*Reversed.*

The opinion states the case.

*Argued before Judge Prentis' term began.

*Loyall, Taylor & White,* for the appellants.

*George L. Christian,* for the appellees.

KELLY, J., delivered the opinion of the court.

The question in this case is whether a domestic insurance company, holding a contract of reinsurance on risks outside of this State with a foreign company doing business in this State, is entitled, in case of the latter's insolvency, to be classed as a policy holder and lienor under the provisions of section 17 (chapter two) of the Virginia insurance act. That section is as follows:

"Upon the bonds deposited, as aforesaid, with the treasurer by any such insurance company, the holders of all policies of said company made with residents of this State, or upon property located in this State, shall have a lien for the amounts due them, respectively, under or in consequence of such policies, for losses, equitable values, return premiums or otherwise, and shall be entitled to be paid ratably out of the proceeds of said bonds if such proceeds be not sufficient to pay all of said policy holders; and whenever any such company depositing bonds, as aforesaid, shall become insolvent or bankrupt, or shall have made an assignment for the benefit of its creditors, any holder of such policy shall have a right to file a bill in the Circuit Court of the city of Richmond to enforce the said lien for the benefit of all the holders of such policies."

The essential facts are these: The American Union Fire Insurance Company, a Pennsylvania corporation doing business in the State of Virginia, deposited with the treasurer of the State, as required by the statute, bonds aggregating at their par value the sum of $25,000. In the course of its business a number of fire insurance policies were written by this company upon property in this State; and, in addition thereto, the company entered into a contract of

reinsurance with the Virginia State Insurance Company, a Virginia corporation, whereby the former reinsured all the risks of the latter upon policies issued by it in the State of Alabama.

The American Union Fire Insurance Company subsequently became insolvent, and in the course of the litigation which followed, in the Circuit Court of the city of Richmond, the holders of the policies of fire insurance on properties in Virginia, and the Virginia State Insurance Company, respectively, presented their claims and asserted liens upon the bonds deposited with the State Treasurer. The commissioner, to whom the court referred the question of liens upon the bonds, reported adversely to the Virginia State Insurance Company, holding that its contract of reinsurance did not constitute it a policy holder within the meaning of the statute. The circuit court sustained an exception to the commissioner's report upon this point, and decreed that the claim of the Virginia State Insurance Company, as to $6,484.87, for fire losses paid by it in the State of Alabama before the failure of the American Union Fire Insurance Company, and as to $12,272.40 for unearned premiums on policies on Alabama properties in force at the time of the failure, aggregating the sum of $18,757.27, constituted a lien upon the bonds, and entitled that claimant to share ratably in the proceeds. Thereupon the holders of the fire insurance policies on Virginia properties obtained this appeal.

Two distinct propositions are relied upon by the appellants as grounds for a reversal of the decree. These propositions are, first, that, construing section 17 (chapter two) of the insurance act with reference to sections 1, 19, 31 and other sections thereof *in pari materia*, the policy holders therein protected are only such as hold policies on properties situated in Virginia; and, second, that the purpose of the section, as to fire insurance, was to protect only the holders .

of policies on property, and not an insurance company holding a contract of reinsurance on its risks under other policies of its own.

The arguments for and against both of these propositions have been urged upon us with earnestness and ability. We are inclined to agree with the appellants upon both propositions.

Section 1 of chapter 2, of the insurance act, provides that, "the words 'insurance company' or 'insurance companies,' as used in this act, shall be held to mean and to include.any association * * * engaged in the business of assuming insurance risks upon persons or property in this State." The learned counsel for the appellee contend that the language just quoted does not mean that the property insured must be located in the State, but that it is the doing of such insurance business in the State which makes the insurance company subject to the act. We are unable to concur in this view. The language, so far as fire insurance is concerned, seems to us to be such as to limit the act to those companies only which write insurance policies upon property situated in this State. A broad view of the various sections of the act makes it clear, as we conceive, that the general plan, or scheme of this legislation was to provide that policies should be issued by foreign fire insurance companies on property in Virginia only through regular agents residing in Virginia, and that such policies only were intended to be protected by the deposit with the State Treasurer. The general impression thus obtained from a comprehensive view of the act as a whole is strengthened by a consideration of several of the specific provisions therein, but we content ourselves with this general reference to what seems to us to be the fundamental plan and purpose of the statute without any further discussion of its specific provisions because the case is even more plainly with the appellants upon their second

contention, and we prefer to rest this decision mainly thereon.

The evident purpose of the legislature, as it sems to us, and the one naturally attributable to it, was to protect property owners in their fire insurance contracts, and not to protect other insurance companies on their contracts of reinsurance. The business of insurance is in itself of such a character as to have evoked, in the public interest, much special legislation looking to its control. The average individual property owner is uninformed as to many of the details of the business, and, for this and other reasons, is not in a position to judge of the solvency of any particular company. The danger of imposition upon its citizens by irresponsible companies is one of the controlling reasons for the enactment of such a provision as is found in section 17 of chapter two of the Virginia insurance act. Neither this nor any other reason which occurs to us would seem to bring within the purpose of the statute a corporation whose own sole or chief business is that of insurance.

It is true that reinsurance is a legitimate part of the business of an insurance company, and likewise true that a sound public policy would naturally lead every State to encourage and foster and endeavor to stabilize its resident insurance companies; but we cannot think the legislature ever contemplated as a possible result of section 17 of the Virginia act that a resident company would be permitted to bring a claim for fire losses and unearned premiums under a contract reinsuring its own risks in a foreign State into a ratable distribution of the proceeds of the bonds deposited, along with the holders of fire insurance policies protected in the act. Such a construction, in our opinion, might often result, as it would do in the case at bar, in nullifying to a very material degree the ruling purpose in the statute.

We find nothing in the provision of the insurance act indicating any purpose to protect, by lien on bonds deposited by a foreign insurance company, any contracts except life insurance policies and fire insurance policies in the ordinarv acceptation of those terms. No reason is perceived why the Virginia State Insurance Company might not have made the contract for the reinsurance of its Alabama risks with any non-resident insurance company, regardless of whether it was licensed to do business in Virginia; or why such contracts should be the subject of any special protection by the legislature of this State.

Contracts of reinsurance are not infrequently designated as "policies" and they are doubtless properly so called; but unless there is something in the context to indicate reinsurance, the use of the term "policy" in reference to fire insurance business naturally suggests, and will be understood as meaning, the far more usual and commonly known contract of insurance for the protection of a property owner against loss of his property by fire. This is apparent from the manner in which the authorities discuss the two classes of contracts. See 1 Cooley's Insurance Briefs, pp. 516, 517.

The case of *German National Ins. Co.* v. *Va. State Ins. Co.,* 108 Va. 393, 61 S. E. 870, is relied upon by the appellee as authority for the contention that a contract of reinsurance is a policy within the meaning of section 17 of the insurance act. The only disputed questions in that case, so far as the opinion shows, related to the allowance of counsel fees. The claim asserted in the bill was upon a policy of reinsurance, the German National Ins. Co. having failed before a single fire insurance policy in the usual sense had been written by it for any resident of Virginia. No question seems to have been made as to the lien of the Virginia State Insurance Company in that case, and it passed unchallenged. The opinion of the court is devoted to the discussion of costs and counsel fees.

We have not been cited to, and we have not found, a discussion of the exact question here involved in any text-book or judicial decision. The reason and the right of it seems to us to be with the appellants.

The decree appealed from will be reversed and the cause remanded to the circuit court for further proceedings to be had therein not in conflict with this opinion.

*Reversed.*