**MOLNER v. SOUTH CHICAGO SAV. BANK et al.**

No. 8285.

Circuit Court of Appeals, Seventh Circuit.

Oct. 16, 1943.

Rehearing Denied Nov. 10, 1943.

MAJOR, Circuit Judge, dissenting.

Maurice Weissman, of Chicago, Ill., for appellant.

Elmer J. Schnackenberg, of Chicago, Ill., for appellee.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

SPARKS, Circuit Judge.

This is an appeal by a judgment creditor from an order discharging appellee as garnishee-defendant. The appeal raises the question whether bank stock, deposited by its owner to qualify him to act as bank director, pursuant to statute requiring such deposit, is exempt from garnishment by a judgment creditor during the term of the directorship. No question is raised generally as to the liability of shares of bank stock to garnishment, but appellee contends, and the District Court so held, that under the facts here presented such stock is not subject to garnishment under the Illinois law.

The statute in question, Ill.R.S.1943, Ch. 16½, section 4, provides as follows:

"Every director of any bank * * * must own in his own right, free of any lien or encumbrance, shares of the capital stock of the bank * * * of which he is a director, the aggregate par value of which shall not be less than one thousand dollars ($1,000), and stock certificates evidencing * * * (such shares) issued in his name, shall be filed unendorsed and unassigned by him with the cashier of such bank * * * during his term as director. Any director who ceases to be the owner of capital stock of such bank * * * of the aggregate par value of one thousand dollars ($1,000); or becomes in any form disqualified, shall vacate his place as such director."

In support of the judgment of the District Court, appellee contends that the effect of the statute is to freeze the stock deposited pursuant thereto for the duration of the term of office of the director owning it; that the director himself cannot recover the stock during the term for which he was elected, unless he resigns, and that a judgment creditor has no greater rights to the stock than has his debtor. We think the error of this contention is shown by the fact that the owner can regain possession of his stock for any purpose at any time

by resigning his directorship or if he becomes in any manner disqualified. Nothing in the statute requires that he continue to act as director until the expiration of his elected term.

Moreover, the statute clearly contemplates that the director may cease to be the owner of the stock, and it does not purport to limit the time or the manner in which he may dispose of or encumber it, or any part of it. If he does so, however, he shall vacate his office as director, but that fact would not deprive him of the ownership, or his right to possession, of his stock, or his right to transfer or encumber it. The statute merely requires him to file with the cashier his unendorsed and unassigned stock, and unless there are intervening equities in favor of the bank there seems to be no legal or equitable reason why the stock should not be subject to garnishment under the facts here presented. No intervening equities here exist. Neither the bank nor anyone else is claiming any title to the stock either legal or equitable, and the bank claims no right of possession of the stock except such right, if any, authorized by the statute above referred to.

Appellee insists that the words of the statute, "Any director who ceases to be the owner of (the) capital stock * * *," merely refer to such director as is not the rightful owner at the time he files his certificates with the cashier. We think this is an inept construction of very plain language, and in view of the admitted absence of such construction by the highest courts of Illinois, we can not accept it.

Appellee vigorously urges the analogy of the case, Buck v. Guarantors' Liability Indemnity Co., 97 Va. 719, 34 S.E. 950, where the Supreme Court of Virginia held that the State Treasurer was not subject to garnishment by a creditor of a foreign state, seeking to levy on bonds deposited pursuant to law by a foreign insurance corporation to qualify it to do business in the state. We think this is no authority for the case at bar. Aside from the fact that the State and its officers and agents are not subject to garnishment proceedings, there is the further distinction that the bonds in that case were deposited for a different purpose. They were to be held "as indemnity for those citizens of Virginia to whom the * * * companies may be under liability, and in further trust, when

such liabilities have been satisfied, to return the same to the company making the deposit."

The statute involved in the case at bar is one referred to in Morse on Banks and Banking, 6th Ed., Vol. 1, § 138: "A method frequently resorted to for securing the fidelity of directors in the exercise of their duties is to require them to own in their own right and unincumbered a certain number of the shares of the corporation. * * * It has been adopted in our National Banking Act. * * * (12 U.S.C.A. § 72)." It would seem that Mr. Morse has correctly stated the only reason for such requirement. The director's fidelity, if he desired to remain a director, would require him to continue to own and retain the legal and equitable title of his stock which he had deposited with the bank. A transfer of the legal title would require the assignment on the certificate of stock, which the bank held, and a notation of the fact on the stock book. Such assignment, of course, would be subject to any intervening prior rights of the bank or its creditors; hence, if such assignment were sought to be accomplished, the bank would have timely notice in order to protect such rights, either against such director or his creditors. It would further furnish the bank timely opportunity to protect the required statutory qualifications of its directorate, not by exempting such director's stock from garnishment, but by selecting those for directors who comply with the statutory requirement.

Appellee argues that the director in question is an exceedingly valuable director of the bank, and that his retirement as such would be a great loss to it, wherefore it argues that the statute should be so construed as to protect the bank in this respect by declaring such director's deposited stock as execution proof. We have no doubt that the director's other official and personal qualifications are above reproach, and that indeed is commendable, but we cannot believe that the Illinois legislature intended to relieve his deposited bank stock from the legal demands of his creditors. The statute requiring the deposit of stock to qualify bank directors does not render that stock or its owner immune from the legal liabilities to which any other individual and his property are subject.

We find no authority for the construction of the statute here urged by appellee in

support of the decision of the District Court, and we are convinced that that court was in error in holding that the bank stock was exempt from garnishment, and discharging appellee as garnishee.

Judgment reversed and cause remanded for further proceedings in accord with the views herein expressed.

MAJOR, Circuit Judge (dissenting).

The opinion appears to rest largely upon the theory, erroneous in my opinion, that a bank director can effect his resignation at any time and immediately retake possession of stock which he has deposited in conformity with statutory mandate. Necessarily, the opinion must rest upon this foundation for the reason that it is well established law that a garnisher stands in the shoes of and can acquire no rights superior to those of his judgment debtor. Schmitz v. 75th and Exchange Drug Co., Inc., 303 Ill.App. 192, 196, 24 N.E.2d 889; Siegel, Cooper & Co. v. Schueck, 167 Ill. 522, 524, 47 S.E. 855, 59 Am.St.Rep. 309. It is my view that the relation which the Illinois Banking Act creates between director and bank cannot be severed in such an informal fashion. If so, the incongruous situation exists by which a director can one day deposit his stock as a statutory requirement for qualification and the next day, for good reason or no reason, withdraw it and thereby disqualify himself.

It must not be overlooked that banks are impressed with a public interest, and the legislature no doubt intended to exact a high degree of care in their management and operation. Directors are elected by the stockholders "to serve as managers for one year, and until their successors are elected." A director is required (Sec. 4) to subscribe to an oath of fealty to the bank, not for a day or a week, but for the term of one year and "until a successor is elected." His oath requires that he will "diligently and honestly administer the affairs of such bank * * * that he is the owner in good faith and in his own right of the number of shares of stock required * * * that the same is not hypothecated or in any way pledged as security for any loan or debt." The oath must be "immediately transmitted to the Auditor and shall be filed and preserved by him in his office." It is required that the stock "shall be filed unendorsed and unassigned by him with the cashier of such bank * * * *during his term as director.*"

So we have a situation where a director is elected for a definite term, with the requirement that the stock be deposited during such term. The most he could do, in my judgment, would be to tender his resignation, which might or might not be accepted. It is not difficult to visualize numerous situations where the affairs of a bank might be such that the other directors would refuse to accept the resignation, and even where the state Auditor, who has a supervisory capacity over banks, might refuse to permit the resignation, even though agreeable to the directors. If a director can abruptly terminate such relation and with it the obligation which he has assumed, there could be little stability in banks, and the purpose of the legislature would be thwarted. The opinion stresses the words "any director who ceases to be the owner of the capital stock of such bank * * * shall vacate his place as such director." This language might be susceptible of the construction placed upon it when standing alone, but must be construed otherwise, in my opinion, when considered in connection with the statutory requirements as a whole. Just what the legislature intended by this phrase I do not know, but I feel reasonably sure that it was not for the purpose of permitting a director to make an overnight escape from his responsibilities.

Even though I be mistaken in the views already expressed, I think there is a further reason why the result reached by the majority cannot be sustained. Whatever be held with reference to the right of a director to effect his resignation and thereby reclaim his deposited stock, the fact remains in this case that he had not done so. If he had such a right, it was personal, the exercise of which required voluntary action on his part. This calls for the application of another pertinent principle of garnishment law, and that is that the proceeding will not lie unless the garnishee is indebted to the judgment debtor without any uncertainty or contingency at the date when the answer to the garnishment suit is filed. Larson v. McCormack, 286 Ill. App. 206, 208, 2 N.E.2d 974; Zimek v. Illinois Nat. Casualty Co., 370 Ill. 572, 576, 19 N.E.2d 620. Whatever right the director had to retake possession of the deposited stock was contingent upon his resignation, assuming that he had such right. The relation between the bank and the director being thus contingent at the time the former answered the garnishment

suit, the garnishee creditor was entitled to take nothing.

Furthermore, it is a rule of garnishment that a person deriving his authority from the law to receive and hold money or property cannot be garnisheed for the same when held by him under such authority. Millison v. Fisk, 43 Ill. 112, 118; Equitable Trust Co. v. Clark, 119 Ill.App. 341, 343. The stock was deposited with the bank by the express mandate of the statute and was required to be held by it until the purpose of its deposit had been served. For this reason, it was not subject to garnishment.

Of course, there is no legal question here as to whether the director is valuable or otherwise, or concerning his personal qualifications. I assume that is a matter for the stockholders who elected him and the Auditor who approved such action.

For the reasons stated, it is my view that the judgment below should be affirmed.