## CIRCUIT COURT OF FAIRFAX COUNTY

L. R. Broyhill

v.

The Boyer Companies, Ltd., et al.

December 20, 1984

Case No. (Law) 64172

By JUDGE QUINLAN H. HANCOCK

After hearing argument of counsel, a review of the pleadings, and the memoranda submitted, it is the Court's opinion that the funds in question are beyond the scope of garnishment action.

The facts of this case indicate that the funds, which are the subject matter of this litigation, are in the form of surety bonds. Such funds were deposited by The Boyer Companies, Ltd., with the Director of Finance for the benefit of the Board of Supervisors of Fairfax County. The facts of this case also establish that the bonds in question were not filed for the benefit of L. R. Broyhill. As such, it appears that the funds held by the Director of Finance are not subject to garnishment.

In *Buck v. Guarantor's Co.*, 97 Va. 719 (1900), the Virginia Supreme Court held that a state treasurer "cannot be made liable by attachment at the suit of an individual, for funds in his hands clothed with a trust under the authority of a public law." *Id*. at 720. While the *Buck* case dealt with a state treasurer, and this case deals with a county Director of Finance, the Court is, nevertheless, of the opinion that the facts of *Buck* are analogous to the case at bar. This being the case, the Director of Finance "holds the securities in trust to be administered first for the people of Virginia designated by the law, and then for the company making the deposit, and neither

he nor the courts have the power to divert the funds from the destination prescribed by the law of its creation." *Id.* at 721, *citing Rollo v. Andes Ins. Co.,* 64 Va. (23 Gratt.) 509, 516 (1873).

In *Rollo,* the Court held that the "bonds were an express trust created by statute for the benefit of resident policy holders in the possession of the Treasurer and that a state officer could not be sued in regard to the bonds without the consent of the sovereign. . . ." *Boyd v. Malone,* 142 Va. 690, 695 (1925). While the issue of sovereign immunity has been raised in this case, the Court sees no necessity to rule as to this issue having disposed of the matter on other grounds.

For the foregoing reasons, the Garnishment Petition is hereby dismissed.