## CIRCUIT COURT OF THE CITY OF RICHMOND

P. D. Brooks Co., Inc., etc.

v.

Highlights Corp.
and State of Virginia
Department of Transportation

November 3, 1992

Case No. LU-3709–4

BY JUDGE RANDALL G. JOHNSON

This is an attachment proceeding which is presently before the court on the State of Virginia Department of Transportation's plea in bar of sovereign immunity and motion to quash for lack of proper service. In its plea in bar, the Department argues that it cannot be a defendant in an attachment proceeding because of the Commonwealth's sovereign immunity. In its motion to quash, the Department asserts that a necessary party, the Comptroller of Virginia, has not been named as a defendant, and, accordingly, the Commonwealth has not been properly served. Both the plea and the motion are overruled.

### 1. *Sovereign Immunity*

The Department's sovereign immunity argument is based on the case of *Rollo v. Andes Ins. Co.*, 64 Va. (23 Gratt.) 509 (1873). In *Rollo*, an attachment was issued in favor of an assignee of a nonresident bank against a nonresident insurance company and in which the Treasurer of the State of Virginia was summoned as garnishee. The property attached were funds deposited with the State under insurance statutes which required any nonresident insurance company, as a condition of doing business in Virginia, to deposit with the Treasurer securities - state, corporate, or individual - with cash value of at least $10,000. After analyzing the statutes involved, as well as the

General Assembly's purpose in creating the subject funds, the Court held that such funds were not subject to attachment and garnishment. Specifically, the Court said:

> [To allow attachment and garnishment] would be to violate the whole purpose and intent of these statutes and render them a delusion and a snare, instead of affording a security to citizens and residents of Virginia. By the express terms of the act, the treasurer is prohibited from surrendering these securities until the liabilities of the company to the citizens of the State shall have been satisfied or shall have terminated. It is easy to perceive that the whole legislative scheme may be defeated and the law violated if these securities may be subjected to the claims of every foreign creditor who may assert a demand in our courts . . . .
>
> While there is some conflict of opinion in regard to the liability of municipal corporations and their officers to the process of garnishment, no case of acknowledged authority can be found which holds that the officers of a State can be made liable, by this proceeding, for funds in their hands, clothed with a trust under the authority of a public law.

64 Va. (23 Gratt.) at 514–15.

The holding of *Rollo* was reiterated in the case of *Buck v. Guarantors Co.*, 97 Va. 719, 34 S.E. 950 (1900):

> [A] public officer cannot be made liable by attachment at the suit of an individual for funds in his hands clothed with a trust under the authority of a public law . . . .
>
> The law fixes the power and duty of the treasurer. He holds the securities in trust to be administered first for the people of Virginia designated by the law, and then for the company making the deposit, and neither he nor the courts have the power to divert the fund from the destination prescribed by the law of its creation.

97 Va. at 720–21 (citing *Rollo, supra*).

Contrary to the Department's argument, neither of those cases is applicable here.

In *Rollo* and *Buck*, state officers held funds in trust for the protection of the citizens of the Commonwealth. It was held that such funds could not be garnisheed by creditors since to do so would destroy the trust created. Here, the funds sought to be attached are

not funds which the Department of Transportation holds in trust for the Commonwealth's citizens. Instead, they are funds due only to the nonresident defendant pursuant to various highway construction contracts between the Department and the nonresident defendant. As such, this case is clearly distinguishable from *Rollo* and *Buck* and is, in fact, analogous to *Boyd v. Malone*, 142 Va. 690, 128 S.E. 259 (1925).

In *Boyd*, plaintiff brought suit against a North Carolina corporation for injuries sustained in an automobile accident. The accident occurred on a bridge which had been constructed by defendant as part of a contract which defendant had with George P. Coleman, State Highway Commissioner, and which, according to plaintiff, had been negligently left in a dangerous condition by defendant. Coleman, in his capacity as Highway Commissioner, was made a party defendant by plaintiff, plaintiff seeking, in her suit against the foreign corporation, to attach funds being held by Coleman as a reserved percentage of his contract with the corporation, said percentage to be held by Coleman until successful completion of the contract. Coleman was later replaced as a defendant by the Treasurer of Virginia, Coleman having responded to the attachment that any funds owed to the nonresident defendant were with the Treasurer, and not with Coleman. Just as the Department does here, the defendant in *Boyd* argued that the holding of *Rollo* mandated dismissal of the attachment. The Supreme Court disagreed:

> It is the duty and public policy of the State, as expressed in the decisions of the Supreme Court and the statute law, to provide appropriate remedies by which home creditors or residents having claims against a nonresident may subject the assets or effects of the nonresidents to the payment of their debts or claims, when held by municipalities, State officers or State boards, when such proceedings do not interfere with the functions of government . . . .
>
> In the case before the court, the reserved percentage was due the contractor but not payable; the work was practically completed; it had given bond to release the amount due, and had appeared generally in the case by making several motions for continuances and giving notice to take depositions and no off-sets or counter claims were asserted by the State Highway Commissioner or the Treasurer. *The fund was not a public fund nor impressed with a trust as claimed, therefore,*

*the circuit court had jurisdiction of the case, and the motion to quash the attachment was properly overruled.*

142 Va. at 695–96 (emphasis added, citations omitted).

As in *Boyd*, the funds sought to be attached here are not impressed with a trust. They are simply funds due a nonresident corporation on one or more contracts. The holding of *Boyd* applies; the holdings of *Rollo* and *Buck* do not.

### 2. Comptroller As A Necessary Party

Virginia Code § 8.01–193 provides:

In every such case, the Comptroller shall be a defendant. He shall file an answer stating the objections to the claim. The cause shall be heard upon the petition, answer, and the evidence.

The phrase "every such case" refers to claims made pursuant to Va. Code §§ 2.1–223.1, 2.1–223.3, or 8.01–605. *See* § 8.01–192. Because a writ of attachment is not a claim under any of those sections, the Comptroller is not a necessary party. For the reasons stated above, the Department of Transportation's plea of sovereign immunity and its motion to quash for lack of proper service are overruled.