Statement.

# Richmond.

BERKELEY & HARRISON v. GREEN, TRUSTEE.

JANUARY 28, 1904.

Absent, Cardwell, J.

1 TRUSTEES—*Employment of Counsel—Right of Counsel to Fees Agreed.*—If a trustee, in pursuance of express authority conferred by the deed of his appointment, employs counsel to aid him in the execution of his trust, and agrees to pay him a definite fee, such counsel has the right to have that fee paid to him out of the trust fund, and is not required to litigate the question of the value of his services in the absence of all suggestion of fraud or collusion between him and the trustee.

2. EQUITY—*Allegation and Proof—Counsel Fees.*—Upon a petition filed by counsel for a trustee praying to be allowed out of the trust fund a definite fee agreed by the trustee in good faith to be paid to him, the value of the services rendered are not in issue.

3. TRUSTEES—*Right to Employ Counsel.*—Even where a deed does not expressly authorize it, a trustee may in good faith employ counsel to advise and assist him in the discharge of his duties, and may pay them out of the trust fund reasonable compensation for their services.

Appeal from a decree of the Corporation Court of the city of Danville in a suit in chancery under the style of *Johnston & Cheek* v. *Green, Trustee, and Others,* in which appellants filed their petition.

*Reversed.*

The opinion states the case.

*Frank W. Christian, Thomas Hamlin* and *Berkeley & Harrison,* for the appellants.

*Peatross & Harris, E. E. Bouldin, Guthrie & Guthrie, Julian Meade, Withers & Green, C. U. Williams, Cabell, Cabell & Custer* and *James L. Tredway,* for the appellees.

WHITTLE, J., delivered the opinion of the court.

The controversy on this appeal is between appellants and creditors of the late John W. Holland with respect to a fee asserted by the former, as counsel for Berryman Green, trustee, against a trust fund under the control of the court.

It appears that John W. Holland, who had become liable as indorser for his brother, C. G. Holland, in the sum of $156,-235.10, conveyed a large amount of valuable property, real and personal, in trust to secure creditors holding indorsed notes, and other creditors of the grantor. The deed contains, among other stipulations, the following:

"It is understood and agreed that in the execution of his duties hereunder, the said Berryman Green, trustee, shall be authorized and empowered to employ counsel and compensate them for their services out of the trust funds.

By virtue of the foregoing provision, which is binding upon all creditors who have accepted the benefits of the deed, the trustee in good faith engaged appellants as his counsel to aid him in the execution of the trust. Thereupon a suit was instituted by them, in the name of the trustee, against the beneficiaries, to construe the deed, and to obtain the guidance and assistance of the court in the administration of the trust.

At the time of their retainer the amount of appellants' compensation was not fixed, but subsequently it was agreed between them and the trustee that they should be allowed a fee of $1,000, to be paid out of the trust fund. In pursuance of that agree-

ment the trustee paid appellants $500 on account of their fee, and took a receipt from them to that effect. Afterward other trustees were substituted in the place of Berryman Green, and appellants presented a petition setting forth their contract with the original trustee, the payment made in accordance therewith, and praying that the balance of their fee might be audited and approved by the court, and decreed to be paid them out of the trust fund under its control. The court directed one of its commissioners in chancery to take and report the testimony bearing upon the transaction, and, upon a return of the evidence, entered the decree appealed from, declaring that the $500 already paid was a reasonable fee for the services rendered by appellants for the trustee, and dismissed their petition.

The trial court obviously disposed of the controversy on the theory that, upon a *quantum meruit,* appellants had already been adequately compensated for their services. But it must be observed that no such issue was made and submitted to the court, either by the pleadings or evidence. Appellants relied in their petition upon an express contract between themselves and the trustee that they should receive $1,000 for their services, and that allegation is fully sustained by the evidence. Indeed, there is practically no conflict between the testimony of appellants and that of the trustee with respect to the terms of the contract, and no countervailing evidence was adduced.

It is fair to presume that, if appellants had intended to rely upon an implied contract that they were to be compensated for their services upon a *quantum meruit,* they would have made that case in their petition, and have undertaken to prove the services rendered, and what such services were reasonably worth. Relying, however, as they had a right to rely, upon an express contract, reasonable in its terms, which the trustee was authorized by the deed to make, in the absence of any suggestion of collusion or bad faith, there was no necessity for appellants to have introduced evidence of the value of their services, other than that

afforded by the agreement itself. Even where a deed does not expressly authorize it, a trustee may in good faith employ counsel to advise and assist him in the discharge of his duties, and may pay them out of the trust fund reasonable compensation for their services. *Cochran* v. *Richmond etc. R. Co.,* 91 Va. 339, 21 S. E. 664.

The administration of this trust necessitated the institution and prosecution of a litigated chancery cause, and involved debts and assets to the amount of several hundred thousand dollars. The trustee, himself a lawyer of experience and ability, was of opinion that the fee agreed upon was not unreasonable, and in that opinion this court concurs.

It follows from the foregoing views that the decree complained of is erroneous and should be reversed, and this court will enter such decree as the trial court ought to have entered, sustaining and enforcing the contract of the parties.

*Reversed.*