## Richmond

### STULL AND OTHERS V. HARVEY AND OTHERS.

#### November 16, 1911.

1. APPEAL AND ERROR—*Equity Pleading—Final Decree.*—A decree which disposes of the whole subject, gives all the relief that is contemplated, and leaves nothing to be done by the court, is to be regarded as final; and, on the other hand, every decree which leaves anything to be done by the court in the cause is interlocutory as between the parties remaining in court. A decree which fixes the amount of the fee of counsel employed by a trustee, but refers other questions at issue between the parties to a master for report is not final.

2. TRUSTS AND TRUSTEES—*Right of Trustee to Employ Counsel.*— Trustees who in good faith engage the services of counsel to aid them in the execution of their duties, even where not expressly authorized, are entitled to pay them out of the trust fund, or to be reimbursed out of that fund for all expenses which they have properly incurred, including reasonable fees to attorneys. But something more than good faith is necessary to justify the trustee in the employment of counsel. There must be some reasonable ground to justify the trustee, and to render the employment of counsel reasonably necessary to aid the trustee in the discharge of his duties, and the protection of the trust property. The trustee in a deed of trust to secure debts is the agent of both parties, and bound to act impartially between them. If the grantor in such a deed enjoins the trustee from making a sale under the deed, and makes the creditor, who is *sui juris*, a party defendant along with the trustee, the trustee has no interest in the litigation, and no right to charge the trust fund with the payment of fees of counsel employed by him to defend the suit.

Appeal from a decree of the Circuit Court of Augusta county. Decree for defendants. Complainants appeal.

*Reversed.*

The opinion states the case.

*John T. Delaney,* for the appellants.

*Timberlake & Nelson* and *O. B. Harvey,* for the appellees.

KEITH, P., delivered the opinion of the court.

By deed of trust dated December 12, 1902, A. M. Stull and A. W. Persinger conveyed to R. L. Parrish, Jr., trustee, a tract of land to secure to the Longdale Iron Company a debt of $8,000; on November 15, 1904, this debt was assigned to the Clifton Forge Light and Water Company; and on December 15, 1904, O. B. Harvey was substituted by decree of the Circuit Court of Alleghany county as trustee in the said deed in the place and stead of R. L. Parrish, Jr., who had resigned. By deed bearing date September 25, 1905, Persinger conveyed his interest in this land to J. C. Stull, subject to the lien of the deed of trust. In February, 1908, default then existing in the payment of the debt, the Clifton Forge Light and Water Company directed Harvey, the substituted trustee, to enforce the deed of trust, and he thereupon caused to be published in the "Clifton Forge Review," a newspaper published in the city of Clifton Forge, a notice to the effect that on March 6, 1908, he would make sale of the tract of land aforesaid, or so much thereof as might be necessary. This notice did not specify certain of the valuable rights and privileges which were subject to the lien of the deed of trust, nor did it specify what part of the land would be sold should it be unnecessary to make sale of the whole.

On March 4, 1908, A. M. and J. C. Stull were awarded an injunction against the trustee and the Clifton Forge Light and Water Company. This injunction was dissolved on March 19, 1908, on the motion of the defendants. At the

103

hearing of this motion, the Clifton Forge Light and Water Company was not represented by counsel. Harvey, trustee, who is himself an attorney at law, appeared and argued the motion in his own behalf, and in addition the law firm of Timberlake & Nelson, who were employed by the substituted trustee, appeared in support of the motion to dissolve the injunction. From this decree dissolving the injunction no appeal was applied for by the appellants, an agreement having been made with the trustee that he would make sale of the property covered by the deed of trust in such parcels as appellants would specify in writing. In pursuance of this agreement A. M. and J. C. Stull caused to be prepared and forwarded to the trustee a notice of sale of the land, rights and privileges aforesaid, but the trustee declined and refused to cause said sale notice to be published, and in lieu thereof adopted and published a notice which was substantially different. Prior to the date specified in this second notice A. M. and J. C. Stull, on an amended bill, applied for and obtained an injunction enjoining and restraining the trustee from making sale under the second notice, and by decree of April 28, 1908, upon said amended bill and upon the answers of Harvey, substituted trustee, and the Clifton Forge Light and Water Company, all matters in controversy in the cause were settled, except the question of the liability of A. M. and J. C. Stull for the amount of counsel fees claimed by Timberlake & Nelson, and certain amounts claimed by O. B. Harvey, substituted trustee, as compensation for services alleged to have been rendered by him and in reimbursement of certain expenses which he alleged he had incurred as trustee.

By decree of May 19, 1908, the clerk of the Circuit Court of Augusta county was directed to and did pay to Timberlake and Nelson, out of funds which had been deposited with him, the sum of $200 for their fee for the services

which they had rendered at the request of Harvey, trustee, upon the motion to dissolve the injunction which had been awarded upon the original bill. By this decree, after passing upon the fee claimed by Timberlake & Nelson, it was further adjudged and ordered that the cause be referred to one of the master commissioners in chancery to take, state and settle an account showing what part of the expenses claimed by Harvey, trustee, other than counsel fees, should be allowed as a charge against the trust estate. On May 14, 1909, the Stulls filed in the clerk's office a paper styled a bill of review, in which they prayed that the said decree of May 19, 1908, be reviewed and reversed. Timberlake & Nelson were made parties defendant, together with O. B. Harvey, stubstituted trustee, and the Clifton Forge Light & Water Company. On the......day of.........., 1909, Master Commissioner Gordon filed his report in accordance with the directions of the decree of May 19. By that report Harvey, trustee, was found to be entitled to recover from the trust estate the further sum of $163.40 as compensation for services alleged to have been rendered by him and reimbursement of certain expenses said to have been incurred. To this report A. M. and J. C. Stull filed exceptions, which were, by decree of October 25, 1910, overruled, and the bill of review, as it is called, dismissed; and the clerk was directed to pay out of the funds in the control of the court in the cause the sum of $163.40, together with a fee of $200, making a total of $363.40, which by the decree complained of was made a charge against the trust fund under the control of the court. From that decree, the Stulls applied for and obtained an appeal.

The first question which we have to consider relates to the jurisdiction of this court.

It is insisted upon the part of appellees that the decree of May 19, 1908, is a final decree; that, being a final decree, Timberlake & Nelson could not be made parties to this suit

by bill of review; that the fee allowed Timberlake & Nelson was a separate and distinct transaction, and the expenses and costs of $163.40 allowed to the trustee was another separate and distinct transaction; and that neither of them are sufficient to give this court jurisdiction.

In this view we cannot concur. The decree of May 19, 1908, is not a final decree. As was said by this court in *Sims* v. *Sims,* 94 Va. 580, 27 S. E. 436, 64 Am. St. Rep. 772, "A decree which disposes of the whole subject, gives all the relief that is contemplated, and leaves nothing to be done by the court, is to be regarded as final; and, on the other hand, every decree which leaves anything to be done by the court in the cause is interlocutory as between the parties remaining in the court." Citing *Cooke's Admr.* v. *Gilpin,* 1 Rob. 20; *Ryan* v. *McLeod,* 32 Gratt. 367; *Rawlings* v. *Rawlings,* 75 Va. 76; *Wright* v. *Strother,* 76 Va. 857.

The object of the petition, improperly called a bill of review, was to reopen certain questions which were disposed of by the decree of May 19, 1908. It does settle the question at issue with respect to the attorneys' fee allowed to Timberlake & Nelson; but it referred other questions at issue between the parties to a commissioner for report, so that it is manifest that all the relief contemplated by the pleadings had not been given. The final decree of October 25, 1910, disposes of property greater in amount than the minimum sum necessary to confer jurisdiction upon this court.

The principal question presented by the appeal is whether or not, under the circumstances of this case, the substituted trustee was justified in the employment of counsel, whose fees were to constitute a charge upon and be paid out of the trust fund. No question is raised involving the good faith of any party to this record. That the trustee believed that he had the right to employ counsel, that he did employ counsel, that counsel rendered the service, and

that the compensation allowed is reasonable, there is no ground to controvert. The sole question is whether, under the existing facts and circumstances, the fee allowed should have been a charge 'upon the trust fund; and that is a question of law which we must now answer.

The trust deed makes no provision for the compensation of the trustee; the trustee made no sale, so as to be entitled to the compensation provided for by section 2442 of the Code, of five *per cent.* upon the first $300 and two *per cent.* upon the residue of the proceeds.

In Perry on Trusts (6th ed.), sec. 910, it is said: "Trustees have an inherent equitable right to be reimbursed all expenses which they reasonably and properly incur in the execution of the trust, and it is immaterial that there are no provisions for such expenses in the instrument of trust. If a person undertakes an office for another in relation to property, he has a natural right to be reimbursed all the money necessarily expended in the performance of the duty. And for losses that may accrue to himself in the proper administration of the trust. Thus a trustee will be reimbursed all his necessary traveling expenses, and all reasonable fees paid for legal advice in the discharge of his duties. And this rule will be applied, although the trust may subsequently be declared void, if the trustees were without blame in the matter. So trustees will be allowed all the expenses of litigation concerning the fund, and all costs which they are ordered to pay to strangers, if the litigation was forced upon them, or was necessary for the protection of the estate; . . . A trustee can receive pay only for such services and expenses as are within the line of the duties imposed on him by the instrument creating the trust."

In *Rossett* v. *Fisher*, 11 Gratt. 492, 498, Judge Moncure said: "A trustee in a deed of trust is the agent of both parties, and bound to act impartially between them; nor

ought he to permit the urgency of creditors to force the sale under circumstances injurious to the debtor at an inadequate price. He is 'bound to bring the estate to the hammer,' as has been said by Lord Eldon, 'under every possible advantage to his *cestui que trusts*'; and he should use all reasonable diligence to obtain the best price. He may and ought, of his own motion, to apply to a court of equity to remove impediments to a fair execution of his trust; to remove any cloud hanging over the title; and to adjust accounts, if necessary, in order to ascertain the actual debt which ought to be raised by the sale, or the amount of prior incumbrances."

It is the duty of the trustee to protect the trust estate from waste, invasion or trespass, and, of course, it would be his duty to defend all suits brought against him with respect to the trust subject. In the performance of these duties a trustee would be justified in employing counsel and charging their compensation to the trust fund.

This court held, in *Cochran v. Richmond, &c., R. Co.*, 91 Va. 339, 21 S. E. 644, that "Trustees who in good faith engage the services of counsel to aid them in the execution of duties, even where not expressly authorized, are entitled to pay them out of the trust fund, or to be reimbursed out of that fund for all the expenses which they have incurred, including reasonable fees to attorneys." We have again examined that case and are satisfied with the decision. But something more than good faith is necessary to justify the trustee in the employment of counsel: there must be some reasonable ground to justify the trustee and to render the employment of counsel reasonably necessary to aid in the discharge of the duties of the trustee and the protection of the trust property; and such was the case in *Cochran v. Richmond &c., supra*. There was, indeed, in that case no dispute as to the right of counsel to receive compensation. There were liens by deed of trust upon the

franchise and property of the James River and Kanawha Canal, which had been acquired by the Richmond and Alleghany Railroad Company subject to those liens. There were a great number of beneficiaries who were not before the court, and their interests were represented only by the trustees, as is usually the case in trusts of that character, and the trustees employed counsel to protect the creditors and their fees were properly allowed as a charge upon the fund.

There is an instructive criticism of this case in the opinion of the Corporation Court of Lynchburg, adopted by this court in *Wilson* v. *Langhorne,* 105 Va. 68, 52 S. E. 842:

"It is undoubtedly well settled that a trustee, where there are doubts and difficulties attending the execution of his trust, may appeal to the court for guidance, and as incident to this right, or when legal advice is necessary, or when maintaining or defending the deed of trust in suits in which the *cestui que trust* is not a party, may employ counsel, and out of the fund pay reasonable counsel fees. The cases of *Cochran* v. *Richmond and Alleghany R. Co.,* 91 Va. 339 [21 S. E. 664], and *Berkeley & Harrison* v. *Green,* 102 Va. 378 [46 S. E. 387], certainly fall under the above rule. In the first case the trustees only were parties to the suit, and not the bondholders, except in answer to the petition of Cabell & Smith for more fee. Cochran and all the bondholders in 1891 agreed upon the fee, but Cochran contended no part thereof should come out of the fund from which he was to be paid. In that case the trustees alone were asserting the rights of the bondholders and, of course, were entitled to have counsel fees allowed. In the latter case, Green, trustee, filed a bill asking the aid of the court in the execution of his trust, and therefore had the right to retain counsel for that purpose and pay them a fee out of the fund. But these cases are not analogous to the one at bar. Wilson, trustee, in this case was only a formal party holding

the legal title, and all the creditors interested in the deed of trust were *sui juris* and before the court."

In *Berkeley & Harrison* v. *Green,* 102 Va. 378, 46 S. E. 387, the trust deed in express terms provided, that the trustee "shall be authorized and empowered to employ counsel and compensate them for their services out of the trust funds." And the court found as a fact that the administration of the trust necessitated the institution and prosecution of a litigation, and involved debts and assets to the amount of several hundred thousand dollars.

The trustee, as we have seen, is the agent of the grantor and of the grantee, of the debtor and of the creditor, and is bound to stand neutral and impartial between them. We have enumerated cases in which the trustee has the right and it would be his duty to employ counsel, but in every case there must exist some reasonable necessity for such employment. We shall not attempt an exclusive enumeration of the conditions under which such employment would be proper, but will leave each case to be determined upon its merits.

In the case before us, the grantors in the deed of trust, for reasons satisfactory to themselves, filed a bill to enjoin the trustee from making sale under the deed of trust. To that bill the trustee and the beneficiary were made parties. The beneficiary was *sui juris* and capable of protecting its own interests. The trustee had no interest whatever in that litigation, unless it be that in every case where a trustee is a formal party he has the right to employ counsel and charge his fees against the trust fund. That such is not the case in Virginia is shown by the careful manner in which each case is discriminated by the court, and the precise fact pointed out which in the opinion of the court justifies the allowance. The cases in which trustees have been enjoined in this State from the execution of the trust are innumerable, but in none of them, so far as we are advised,

has the proposition been maintained, that a trustee, under facts such as appear in this case, is entitled to employ counsel and to charge the payment of his fee upon the trust estate. The effect of such a proceeding would be to make the debtor pay the counsel fees of the creditor, and this we have held cannot be done, even though the debtor espressly enters into a contract to that effect. See *Watts* v. *Newberry,* 107 Va. 233, 57 S. E. 657; *German National Ins. Co.* v. *Va. State Ins. Co.,* 108 Va. 393, 61 S. E. 870; *Stuart* v. *Hoffman,* 108 Va. 307, 61 S. E. 757.

We are of opinion that it was error under the facts of this case to allow the fee of $200 as a charge upon the trust fund. We are further of opinion that the fees paid to the clerk for copies of certain papers, the cost of two advertisements of sale and the surveyor's fee, aggregating $119.30, and the sum of $100 allowed by the commissioner to the trustee for services in the execution of the trust, should be allowed as a charge upon the trust fund, and that all other charges be disallowed and denied.

The decree complained of is reversed, and the cause remanded to the circuit court for further proceedings to be had therein not in conflict with this opinion.

*Reversed.*