UNITED STATES of America, Plaintiff,

v.

Othello WASHINGTON et al., Defendants.

Civ. A. No. 3259.

United States District Court
E. D. Virginia,
at Alexandria.

March 1, 1966.

Claude V. Spratley, Jr., U. S. Atty., Norfolk, Va., Robert A. Maloney, Dept. of Justice, Washington, D. C., for plaintiff.

Werner Strupp, Washington, D. C., Whitford W. Cheston, Fairfax, Va., of counsel, for Othello and Ellen P. Washington.

Cocke & Taylor, Norfolk, Va., for Metropolitan Life Ins. Co.

OREN R. LEWIS, District Judge.

This is a civil action brought by the United States to enforce its lien for delinquent federal wagering excise taxes (Title 26, United States Code, § 4401) and to obtain a deficiency judgment against the defendant, Othello Washington.

The Government prays that the Court determine the merits of all claims to and liens upon certain real estate owned by the defendant, Othello Washington, and to decree the sale of the said property and a distribution of the proceeds in accordance with the Court's determination respecting the priority and rights of the parties herein.

It was stipulated by the parties that the record title to the land in question, known as the Old Thrift Farm in Loudoun County, Virginia, is recorded in the name of the defendant, Othello Washington, subject to the prior lien of the Metropolitan Life Insurance Company and to the dower interest of Ellen P. Washington, the wife of the said Othello Washington, and that the wife's dower right and the Metropolitan lien are both superior to the Government's tax lien.

The matters in dispute here are the amount of the tax lien—whether the tax lien bears interest beyond the date of the recordation of the lien—whether the Government is entitled to the fifty per cent fraud penalty—and whether the subject real estate should be sold free and clear of all liens and encumbrances or whether it should be sold subject to the wife's dower.

The Government recorded a tax lien for $252,580.64 against Othello Washington in the Clerk's office of Loudoun County, Virginia, on August 11, 1961. This lien included a fifty per cent fraud penalty plus interest computed to August 10, 1961.

The evidence introduced at the hearing discloses that Internal Revenue agents raided the Old Thrift Farm located in Loudoun County, Virginia, on May 2, 1961 and there found a numbers operation then being maintained and operated by the defendant, Othello Washington, and one Charles Anderson. Numerous records were then seized covering the gambling operations for the days April 28th and 29th and May 1st and 2nd of 1961, and the keep-in bets from August of 1960 to May of 1961. These records were used by the Commissioner in determining the amount of tax due by the defendant.

These records disclosed average daily bets for the four days of $5,822.21. The keep-in bets for the period August 1960 to May 1961 totaled $13,539.55. The keep-in bets for May 1st and 2nd averaged $631.87. The keep-in bets for the month of April averaged $310.90 per day. The keep-in bets for the four-day period

(April 28–29, May 1–2) averaged $471.19 per day.

The Commissioner determined the tax due by adding the average of the two-day keep-ins ($631.87) to the average ($5,822.21) of the four-day daily bets and multiplied this sum ($6,454.08) by 255, the number of days here involved.

Othello Washington admitted that he was engaged in the numbers business headquartered at his Loudoun County farm during the period in question and that he did not register,[1] file any returns, or pay any tax on his gross business.

■ He denied the correctness of the Government's computation of his gross income, claiming that the numbers business is seasonal and that the four-day period used to compute the daily bets and the two-day period used to compute the keep-ins covered the peak period. He claimed the Government had his records disclosing the actual keep-in bets for the period in question. He estimated his average daily wagers to be $3,800.00. This figure was based solely on the best recollection of his gross business. He kept and maintained no permanent records and had none except those seized by the Government during the raid.

> "It is a well established principle that in every case * * * the assessment of the Commissioner is presumed to be correct. To be sure, this presumption is not evidence in itself and may be rebutted by competent evidence. * * *" See Compton v. United States, 334 F.2d 212, 4th Cir. 1964, and cases cited therein.

■ In a case such as this, where the question in issue is the validity of the tax lien, the taxpayer need show only that the assessment was invalid or that the Commissioner erred. See Helvering v. Taylor, 293 U.S. 507, 55 S.Ct. 287, 79 L.Ed. 623, wherein it was stated:

> "We find nothing in the statutes, the rules of the Board or our decisions

that gives any support to the idea that the Commissioner's determination, shown to be without rational foundation and excessive, will be enforced unless the taxpayer proves he owes nothing or, if liable at all, shows the correct amount."

■ Applying the findings here made to the foregoing principles, the Court finds the assessment was without rational foundation and excessive.

■ Although the Commissioner need not compute the tax due with mathematical certainty, he should use the best evidence available, absent a rational reason for not so doing. Here the Government concedes the records seized reflect the total of the defendant's gambling activities for the four days in question. It justifies using the average for this period as the average play for the 255 days in question on the ground the four-day period included three low-play days and one high-play day (Government payday), yet it used only the high period (May 1st and 2nd) in computing the keep-in bets. No reasonable explanation was given for using the higher figure thus obtained.

To the tax thus computed the Commissioner imposed a fifty per cent fraud penalty.

The Commissioner justifies this penalty upon the defendant's admission that he had failed to register as required by law and had failed to maintain records of his wagering business, and had failed to file monthly returns and pay the excise taxes as required by law, and the fact that the headquarters for his numbers business was maintained on a farm located in Loudoun County, Virginia.

■■ This is not enough. There is no presumption of fraud. To the contrary, the burden is upon the Government to prove fraud by clear and convincing evidence.

Cirillo v. Commissioner of Internal Revenue, 314 F.2d 478, 3rd Cir. 1963, holds

---

1. The defendant pleaded guilty before this Court to the charge of failing to register and pay the special wagering occupational

tax for the period January 1 to May 2, 1961.

"* * * [W]illful failure to file a timely return, which may create both criminal liability and an additional civil liability, does not in itself and without more establish liability for a fraud penalty, though it may be relevant in that connection."

Failure to timely file, absent clear proof of fraud, incurs a penalty of twenty-five per cent as provided for in 26 U.S.C.A. § 6651.

Section 6321 of Title 26, U.S.C.A., provides that interest accrues on taxes due after demand from that date to the date of payment.

■ Therefore, the Court concludes that the correct total of the Government's tax claim against the defendant, Othello Washington, to be in the sum equal to the average of the four-day play (April 28–29, May 1–2) multiplied by 255 (the number of days during the period in question), plus a twenty-five per cent penalty, with accrued interest after demand until paid.

■ Section 7403(c), Title 26, U.S.C.A., clearly gives this Court the right to finally determine the merits of all claims to and liens upon the property in question and to decree a sale of such property free and clear of all liens, and to distribute the proceeds of such sale according to the findings of the Court in respect to the interest of the parties and of the United States. Therefore, the Court will order a sale of the subject property free and clear of all liens, including the wife's dower, said liens to attach to the proceeds of said sale. See United States v. Trilling, 328 F.2d 699, 7th Cir. 1964.

The attorney for the Government should prepare an appropriate order awarding the Government judgment against Othello Washington for excise taxes due, and decreeing the sale of his Loudoun County farm, all in accordance with this memorandum opinion, submit the same to counsel for the defendants for approval as to form and to the Court for entry. The cost of the transcript ($50.70) should be taxed by the Clerk and paid from the proceeds of sale.