**UNITED STATES of America,
Plaintiff,**

v.

**Charles E. CANTRELL, Defendant.
No. 70-C-51.**

United States District Court,
E. D. Wisconsin.

Feb. 14, 1974.

David J. Cannon, U. S. Atty., Milwaukee, Wis., by Jeffery D. Swan, Atty.,

Dept. of Justice, Washington,. D. C., for plaintiff.

Gordon A. Borman, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This matter is before me on the government's motion for summary judgment. The government claims that the defendant, Charles Cantrell, is liable for federal wagering taxes totalling approximately $37,000; these taxes were assessed against him for his alleged bookmaking activities during various periods between 1966 and 1969. I conclude that material issues of fact remain and that the government's motion for summary judgment should be denied.

### I.

The affidavit of the internal revenue agent who calculated the instant assessment reveals that a portion thereof was based upon a projection of known bets placed with Mr. Cantrell by government agents, whose depositions are filed with this court; the remainder of the assessment is claimed to be based upon a projection of certain wagering records which were seized at the Cantrell premises during a raid conducted by the Milwaukee police department.

The calculation of a taxpayer's gambling revenue over an extended period of wagering activity may properly stem from projections which are based upon income data available for a shorter period. See Mitchell v. C.I.R., 416 F.2d 101 (7th Cir. 1969); United States v. Washington, 251 F.Supp. 359 (E.D.Va. 1966); O'Neill v. United States, 198 F. Supp. 367 (E.D.N.Y.1961); Hodoh v. United States, 153 F.Supp. 822 (N.D. Ohio 1957). However, the evidence seized in the raid of the Cantrell premises has not been proffered. Moreover, the deposition of at least one of the government agents was taken in the absence of Mr. Cantrell or his counsel. While the defendant received notice of that deposition, his counsel maintains that his client could not afford to attend because it was conducted at San Francisco; the defendant further insists that he has the right to cross-examine the deponent.

I need not decide whether a defendant who has notice and yet fails to appear at a deposition proceeding can successfully block his opponent's motion for summary judgment by asserting a violation of his confrontation rights when that deposition is later offered in support of such motion. I believe that the defendant's statement regarding his inability to attend the deposition in question qualifies as a representation, pursuant to Rule 56(f), Federal Rules of Civil Procedure, that "he cannot for reasons stated, present by affidavit facts essential to justify opposition."

### II.

At his deposition, Mr. Cantrell admitted to a recent state conviction on a gambling charge; he also alluded to the existence of other arrests and convictions on similar charges, but refused to discuss the merits of the instant assessment, invoking the fifth amendment. The bare fact that Mr. Cantrell was arrested or convicted on any number of state gambling charges is inconclusive for purposes of establishing the operative facts and dates alleged herein. No specific showing has been made that the activities involved in those proceedings, and proved therein beyond a reasonable doubt, constitute any of those upon which this assessment is based. The defendant's bare assertion that he was acquitted of another state gambling charge sometime in 1968 is equally non-determinative.

Factual averments and affidavits which are submitted in support of a motion for summary judgment are not controverted or placed in issue by an opponent's mere assertion of a priviledge

not to speak to them. However, the aforementioned gaps in the plaintiff's own proof demonstrate the existence of material factual issues; whether controverted or not, facts sufficient to support a prima facie determination as to Mr. Cantrell's liability in the amounts assessed have yet to be set out. Accordingly, I conclude that the plaintiff's motion for summary judgment should be denied.

Counsel are hereby notified that a pretrial conference will be held in this matter in the chambers of this court on Wednesday, March 27, 1974, at 9:45 A. M. No additional notice of such pretrial conference will be given. The parties' trial preparations should be completed in advance of such conference.

Therefore, it is ordered that the plaintiff's motion for summary judgment be and hereby is denied.