Present:  All the Justices

SUSAN JONES COOPER, TRUSTEE, ETC.
                          OPINION BY JUSTICE ROSCOE B. STEPHENSON, JR.
v.  Record No. 960283
                                      January 10, 1997
SALLY H. BRODIE, ET AL.

              FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                        William L. Winston, Judge


     The principal issue in this appeal is whether the trial

court erred in terminating a trust and ordering the trustee to

distribute the assets of the trust before estate tax liability

had been determined.  Other issues presented are whether the

court erred in denying the trustee her requested compensation for

services as trustee and in ordering that the trustee be

personally responsible for a portion of the legal fees and

expenses incurred in this litigation.

                                 I

     On February 14, 1994, Sally H. Brodie and Margaret Jones

(collectively, Brodie) filed a declaratory judgment suit against

their sister, Susan Jones Cooper, in her individual capacity, as

trustee of the Lucy P. Jones 1991 Trust (Lucy's Trust), and as

Executrix of the Estate of Lucy P. Jones, her mother.  Brodie

asked (a) in Count I of the bill of complaint, that Lucy's Trust

be terminated and its assets distributed to the beneficiaries;

(b) in Count II, that Cooper be removed as executrix of Lucy

Jones' estate; and (c) in Count III, for an award of at least

$100,000 in damages against Cooper for alleged breach of

fiduciary duties and, also, that Cooper be removed as trustee of

Lucy's Trust.  Brodie alleged that Cooper (1) failed to terminate

Lucy's Trust and to distribute its assets when Cooper had already provided for the payment of the estate tax by electing to utilize the installment payment provisions of § 6166A of the Internal Revenue Code; (2) breached fiduciary duties as executrix by misrepresenting the estate tax issue in order to fraudulently obtain a larger fee from the estate; and (3) breached fiduciary duties as trustee by failing to act in the best interests of the beneficiaries of Lucy's Trust because of conflicts of interest.

Following an ore tenus hearing, the trial court found that Cooper had not breached her fiduciary duties and that no cause existed to remove Cooper as executrix or as trustee. Accordingly, by decree entered March 3, 1995, the court dismissed with prejudice Counts II and III of the bill of complaint. At that time, the court continued the cause as to Count I (the termination of Lucy's Trust) because one of the partnerships held in the trust was in the process of closing a lucrative lease. The transaction, however, did not close because the required rezoning was not obtained.

By final decree entered November 13, 1995, the trial court ordered Cooper to terminate Lucy's Trust and to distribute its assets forthwith to its beneficiaries. The court further ordered that the beneficiaries shall not dispose of or encumber the assets received without paying their pro-rata share of the estate taxes due on those assets whenever Cooper reached a settlement with the tax authorities in a manner acceptable to at least one

of her sisters.

The trial court allowed Cooper to recover her attorney's fees and costs related to Counts II and III as a charge against Brodie's interests in Lucy's Trust. The court, however, divided the attorney's fees and costs related to Count I, charging Brodie's fees and costs to Lucy's Trust and Cooper's fees and costs one-half to her individual interest in the trust and one-half to the trust. The court also denied Cooper's motion for the payment of a $500,000 fee for her services as trustee since the inception of Lucy's Trust.

II

On February 14, 1991, Lucy P. Jones executed her revocable inter vivos trust, naming Cooper as trustee. Lucy also had named Cooper as executrix of her will.

On August 1, 1992, Lucy died without revoking the trust, and the trust became irrevocable. The named beneficiaries of both Lucy's Trust and her will are her three daughters: Susan Cooper, Sally Brodie, and Margaret Jones.[1] At the time of her death, the value of Lucy's probate estate was approximately $800,000. The value of the assets in Lucy's Trust was approximately $12,000,000.

In Article I(C) of the trust agreement, Lucy provided that

---

[1] On April 30, 1993, Cooper disclaimed a fractional share of her one-third share of Lucy's Trust in favor of her daughters, Sally Hart Hunt and Carolyn C. Snare. Hunt and Snare were added as parties to this suit.

"the assets held at [her] death and other assets received by [her] Trustee by reason of [her] death, after payment of any charges under Article II, shall be distributed in accordance with the provisions of Article III."  Article II of the trust provides as follows:

> At my death my Trustee may pay to or upon the order of my Executor, or may pay directly, funds needed to pay my legally enforceable debts, my charitable pledges, funeral and burial expenses, costs of administration, death taxes and cash bequests under my Will.  My Trustee may rely upon my Executor as to the amount of the charges.  The decision of my Trustee whether to provide funds shall be final.

Article III of the trust provides, in pertinent part, the following:

> Upon my death and after the payment or provision for the payment of the debts, taxes and other charges described in Article II, the then remaining Trust Estate shall be divided per stirpes into equal shares . . . .  Each share for a child of mine . . . shall be distributed to such child.[2]

Under Article V of Lucy's Trust, Cooper was granted the powers set forth in Code § 64.1-57.  Cooper also was granted "the power to enter into partnership agreements and act as a partner to the same extent that [Lucy] could [have done] if acting individually."  Article V further provided that Cooper "shall be entitled to receive reasonable compensation for her services."

The assets of Lucy's Trust constitute approximately 95% of

---

[2]Lucy Jones' will likewise directed Cooper, as Executrix, to pay estate and inheritance taxes, debts, and costs of administration and, then, to distribute the remainder of her estate in equal shares to her three daughters.

Lucy Jones' estate.  The majority of these assets (approximately 60%) are interests in partnerships that own real estate and are closely held businesses, and they include a one-third interest in the George H. Rucker Company, a one-half interest in the Jones & Jones Partnership, and a one-third interest in the Marye's Heights Apartments in Fredericksburg.  Lucy's Trust also holds 1,850 shares of stock in Geo. H. Rucker Realty Corporation, a closely held family corporation.

On October 29, 1993, Cooper, as executrix, filed the federal estate tax return and reported the value of the gross estate to be $12,639,567.  The return showed deductions of slightly over $759,000.

The value of the partnership interests as reported in the federal estate tax return was based on appraisals by qualified professional appraisers.  The Internal Revenue Service (IRS), however, was having its own appraiser value those interests.[3] Therefore, when the trial court terminated Lucy's Trust and ordered the distribution of its assets to the beneficiaries, the IRS audit was pending, and the amount of the federal estate tax had not been determined.[4]

---

[3]According to the estate tax counsel for Lucy's Trust, "it is almost a certainty the IRS will assert greater values for those interests than reflected on the Federal Estate Tax Return, and claim more Federal estate tax than reflected on that return."

[4]To avoid late payment penalties, Cooper exercised her right to make a discretionary election under § 6166 of the Internal Revenue Code and Code § 58.1-905(B), which allow installment payments of estate and inheritance taxes due on family business interests.

III

The first question presented is whether the trial court erred in terminating Lucy's Trust and ordering distribution of its assets to the beneficiaries.  To answer this question, we look to the trust agreement in order to ascertain Lucy's intent.

In Article III of the trust agreement, Lucy Jones directed that the assets shall be distributed equally to her three daughters "after the payment or provision for the payment of the debts, taxes and other charges."  This article makes clear, therefore, that Cooper must either pay the estate tax or make provision for its payment before she is authorized to distribute to the beneficiaries "the then remaining Trust Estate."

A prominent former law professor, recognized as an authority in trust and estate law, testified that, before a trustee can provide for the payment of estate taxes, the amount of the tax must be determined.  We agree.

When the trial court terminated Lucy's Trust and ordered distribution of its assets, the amount of the federal estate tax had not been ascertained.  Thus, there was no way for Cooper to provide for the payment of the tax or to determine what would constitute "the then remaining Trust Estate."  Consequently, we conclude that the trial court erred in this ruling.

IV

We next consider the trial court's ruling regarding Cooper's claim of compensation for her services as trustee.

The trust agreement, in Article V, provides that Cooper "shall be entitled to receive reasonable compensation for her services." On April 28, 1993, Cooper wrote a letter to Sally Brodie explaining her claim for compensation. In the letter, Cooper stated that, after consulting with her attorneys, she "[had] decided to set [her] trustee and executor's fee at $120,000." She further stated that "[the] commission will cover [her] time until the estate is audited and finally closed by the IRS" and that the commission also might be viewed "as relating partly to the work [she had] done as trustee for [her mother and father] for the past five years." Thereafter, Cooper included the sum of $120,000 as a deduction on the federal estate tax return, representing her compensation for services as both executrix and trustee.

At the time the trial court ruled that Cooper had not breached her fiduciary duties and that no cause existed for her removal as executrix or as trustee, the court was aware that Cooper had reported her compensation as $120,000 and that Cooper felt the sum was fair and reasonable for her services as executrix and as trustee. The court also knew that Cooper had been receiving substantial annual compensation for her work with the several entities in which Lucy's Trust had an undivided interest.

After the trial court ordered termination of Lucy's Trust, Cooper requested the court to award her $500,000 for her services

as trustee.  The court properly denied the request.

We think it is clear from the record that the court previously had determined, based upon Cooper's representation, that $120,000 was a reasonable sum to compensate Cooper for her services as both executrix and trustee, and we cannot say the court abused its discretion.  Accordingly, Cooper's compensation for her services as executrix and as trustee shall be fixed at $120,000 and paid from funds in Lucy's Trust.

V

Finally, we consider the trial court's ruling with respect to attorney's fees and costs.  As previously noted, the court allowed Cooper her attorney's fees and costs related to Counts II and III of the bill of complaint as a charge against Brodie's interests in the trust; however, the court divided the attorney's fees and costs related to Count I, charging Brodie's fees and costs to the trust and charging one-half of Cooper's fees and costs to the trust and one-half to her individual interest in the trust.

As trustee, Cooper had a duty to defend the suit.  See Willson v. Whitehead, 181 Va. 960, 966, 27 S.E.2d 213, 216 (1943).  When a trustee has a good faith basis for defending a suit, the attorney's fees and costs incurred should be charged to the trust estate.  See Cohn v. Central Nat'l Bank, 191 Va. 12, 23, 60 S.E.2d 30, 35 (1950).

In the present case, Cooper had a good faith basis for

opposing the trust's termination and her removal as both executrix and trustee.  She prevailed in the trial court on the removal counts and prevails on appeal regarding the termination count.  In the circumstances of this case, therefore, we conclude that the trial court erred in charging a portion of Cooper's attorney's fees and costs to her individual interest in Lucy's Trust; that portion should be charged to the trust.

VI

Accordingly, we will affirm in part and reverse in part the trial court's judgment and remand the case for further proceedings.

Affirmed in part,
reversed in part,
and remanded.