## CIRCUIT COURT OF FAIRFAX COUNTY

Marie Stepp et al.

v.

James A. Foster et al.

June 5, 1998

Case No. (Chancery) 146295

BY JUDGE KATHLEEN H. MACKAY

At the conclusion of trial on March 4, 1998, the defendant trustees, James A. Foster, Marvin E. Lear, and Carol A. Wright, by counsel, moved this Court for recovery of attorney's fees and expenses against the complainants, Marie Stepp, Ralph Edwards, and Patricia Edwards. Counsel for the above-mentioned defendants filed a brief in support of the motion. Counsel for complainants filed a response brief. The defendants then filed a reply. This letter opinion addresses the issue raised at trial, which was subsequently briefed by counsel for the parties.

Under the American Rule, "attorney's fees are not recoverable by a prevailing litigant in the absence of a specific contractual or statutory provision to the contrary." *Ryder v. Petrea*, 243 Va. 421, 424, 416 S.E.2d 686, 688 (1992). One exception to this general American Rule exists when a trustee incurs attorney's fees and expenses in a good faith defense of a suit "to which he has been put without his own fault by reason of his being a trustee." *Willson v. Whitehead*, 181 Va. 960, 965, 27 S.E.2d 213, 216 (1943); *see also Cooper v. Brodie*, 253 Va. 38, 480 S.E.2d 101 (1997). In such a case, "the attorney's fees and costs incurred should be charged to the trust estate." *Cooper*, 253 Va. 38, 480 S.E.2d 101, 104 (1997).

The principle underlying *Willson* and *Cooper* is that it is the duty of the trustee "to defend all suits brought against him with respect to the trust subject." *Willson*, 181 Va. 960, 27 S.E.2d 213, 216 (1943), quoting *Stull v.*

*Harvey*, 112 Va. 816 (1911). Therefore, "if [trustees] perform their duties faithfully, and are guilty of no unjust, improper or oppressive conduct, they ought not in justice and good conscience to be put to any expense out of their own moneys." *Willson*, 181 Va. 960, 27 S.E.2d 213, 216 (1943).

Counsel for the complainants attempts to distinguish the facts and holding of *Willson* with the case at bar. He emphasizes language in *Willson* that would seem to limit the exception to only those trustees who "have no beneficial interest in the trust property." *Id*. In the case at bar, counsel argues that the defendants were all beneficiaries of the trust as well as trustees so the exception stated in *Willson* cannot and should not be applied. However, this attempt to narrow the exception fails because counsel has neglected to incorporate the later controlling facts and holding of *Cooper v. Brodie*, 253 Va. 38, 480 S.E.2d 101 (1997).

In *Cooper*, the defendant trustee was also the executrix and a beneficiary of the trust. Despite the fact that she held a beneficial interest in the trust, the court applied the exception to her and she recovered attorney's fees and expenses from the losing parties. 253 Va. 38, 44, 480 S.E.2d 101, 104 (1997). Thus, a successful defendant trustee can also have a beneficiary interest in the trust and still recover.

The *Cooper* case also highlights an additional element required to invoke the exception. Not only must the defendant be a trustee and be blameless, but he must have "a good faith basis for defending [the] suit." *Id*. In this case, the defendants had a good faith basis to defend this suit because, as trustees and fiduciaries, they had a duty to defend the trust.

The complainants attempt to distinguish *Willson* by again and again singling out Mr. Foster as being particularly undeserving of the protection afforded to trustees by the case. Their attempt fails. First, Mr. Foster was not the only trustee sued. Mr. Clary represented all of the trustees recognized by the complainants and not only Mr. Foster. Any special efforts he may have made to protect Mr. Foster versus Mr. Lear were necessitated by the particular attacks that were made against Mr. Foster by the complainants.

Second, the Court exonerated Mr. Foster from any charge of self-dealing or wrongdoing. The evidence presented at trial simply did not support the allegations of the complainants. Under the exception to the American Rule as set out in *Willson* and *Cooper*, the attorney's fees and expenses incurred by the defendant trustees should be charged against the trust estate.

This result, however, begs the question. If attorney's fees and expenses are recoverable by the defendant trustees, from what source will those monies come since the trust estate is realty?

With regard to the source for payment of the attorney's fees and expenses, the court in *Willson*, 181 Va. 960, 27 S.E.2d 213, 216 (1943), quoting *Perry on Trusts and Trustees*, 7th ed., § 894, stated:

> The general rule is that trustees shall have their costs either out of the trust fund, or from the cestuis que trust personally (upon the principle that he should be reimbursed all the expenses to which he has been put without his own fault by reason of his being a trustee). If there is a fund within the control of the court, they may have their costs as between solicitor and client. Where there is no fund within the control of the court ... [the trustees] are entitled to *costs against the cestuis que trust personally*, to be taxed as between solicitor and client.

(Emphasis provided.)

"Cestui que trust" is defined as "[t]he beneficiary of a trust." *Black's Law Dictionary* 229 (6th ed. 1990). Thus, under *Willson*, if there is no trust fund within the Court's control, the trust beneficiary who placed the trustee in jeopardy by suit becomes personally liable for the attorney's fees and expenses incurred by the trustee.

In this case, there is no trust fund within the control of the court but, rather, the trust is non-liquid realty. Therefore, the complainants who are beneficiaries of the trust and who sued the trustee defendants are personally liable for the defendants' attorney's fees and expenses.

To hold individuals such as the Stepps and the Edwards personally liable to pay the Defendants' fees is severe. After all, the complainants are just ordinary people, so to speak, and complainants' fees are substantial. But this remedy is justified in this case because of the peculiar nature of trustee responsibilities and the high standard required to prove malfeasance. Bringing a case against a trustee is a serious business with attendant risks.

Belmont Bay Community Association is in a very different position. The Court will not apply sanctions under Va. Code § 8.01-271.1 as advocated by Mr. Tolchin. The Association bears its own fees and costs.

I did consider all of the briefs filed in this case, including the defendant trustees' reply brief. The defendants' motion to strike on this issue is denied.

Mr. Annino has raised the issue of the reasonableness of the attorney's fees in this case. I will set this down for argument on Friday, June 19, 1998, for thirty minutes.