## CIRCUIT COURT OF AMHERST COUNTY

John M. White, Jr., et al.

v.

John M. White, Sr., et al.

Case No. CH04010093-00

In re Estate of
Vivian White Cohen

Case No. (Estate) 3238

December 4, 2008

BY JUDGE J. MICHAEL GAMBLE

I have reviewed the proposed second accounting and other matters filed in the above proceedings. I have decided that John M. White, Sr., will forfeit all but $1,000 of his commissions, that the attorney's fees for Mr. Sweeney be reduced by $2,700, and that the expenses for Jester & Jester and Mr. Sweeney not be allowed unless further information is submitted to the Commissioner of Accounts.

Va. Code § 26-19 provides that a fiduciary forfeits his commission if the accounting is not filed within four months after the expiration of one year. This statute has been interpreted to mean that the allowance or refusal of fiduciary commissions is a matter of discretion to be reasonably exercised by a court under the circumstances of each case. *Perrow v. Payne*, 203 Va. 17, 30 (1961).

The first accounting period, ending December 31, 2006, was approved by the Commissioner of Accounts. Despite requests from the Commissioner of Accounts and direction by this court, John M. White, Sr., the Administrator, has not filed his signed subsequent account within four months after

December 31, 2007. Nonetheless, he seeks a fiduciary commission of $7,900.61. I am only allowing a commission of $1,000 to give him incentive to sign the accounting and make the distributions. If this action is not taken and fully accomplished by January 16, 2009, Mr. White will forfeit the $1,000, be removed as administrator by order of the court, and a new administrator will be appointed. Additionally, any commissions and costs paid to the new administrator will be offset against the final distribution to John M. White, Sr., of his share of this estate.

Next, I am not allowing the final payment of $2,700 to Mr. Sweeney as an expense of the estate. This fee appears to be incurred by the services of Mr. Sweeney personally to Mr. White in the proceedings to determine whether Mr. White has performed his duties as fiduciary and whether he should be paid a commission. The attorney's fees statement of Mr. Sweeney indicates that this $2,700 attorney's fees was incurred beginning October 29, 2008, for representing Mr. White on these personal issues rather than assisting him in his duties in the administration of the estate.

Va. Code § 26-30 provides that a fiduciary shall be allowed reasonable expenses incurred by him. These fees, however, must be such as are reasonably necessary to aid the fiduciary in the performance of his duties. *Clare v. Grasty*, 213 Va. 165, 170 (1972); *Stull v. Harvey*, 112 Va. 816, 822 (1911). In the instant case, the representation of Mr. White by Mr. Sweeney during the period of October 29-30, 2008, was clearly for the personal benefit of Mr. White and not for the administration of the estate.

Mr. White also seeks reimbursement of $4,841.77 for various expenses. Included within those expenses are $525 to Jester & Jester, a law firm, and $1,120 to Daniel B. Sweeney, his attorney. There is no support in the accounting for those expenses that indicates that they were incurred for purposes of administration of the estate rather than the personal representation of Mr. White. Accordingly, unless Mr. White can produce evidence to the Commissioner of Accounts that these expenses were incurred in the administration of the estate as opposed to the personal representation of Mr. White, they cannot be paid from the estate.

I direct that Mr. White forthwith file a final accounting that comports with the rulings in this letter. This will require adjustment of the unsigned accounting that he has filed. All distributions must be made by the date set forth above.